# In the United States Court of Federal Claims

No. 13-874
(Filed: July 8, 2014)
NOT FOR PUBLICATION

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Indian Breach of Trust; Motion to Dismiss; RCFC 12(b)(1) based on 28 U.S.C. § 1500; <u>United States v. Tohono O'Odham Nation</u>, 131 S. Ct. 1723 (2011); Lack of Jurisdiction to Grant Equitable Relief; Lack of Jurisdiction over Declaratory Judgment Act |

*Treva Jean Raymann Hearne*, Reno, NV, for plaintiff.

*Kristofor Ross Swanson*, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, with whom was *Robert G. Dreher*, Acting Assistant Attorney General, for defendant.

**ORDER DISMISSING CASE
FOR LACK OF SUBJECT MATTER JURISDICTION**

**FIRESTONE**, *Judge*

Pending before the court is an action for breach of trust brought by plaintiffs, Winnemucca Indian Colony and Chairman Willis Evans ("the Colony"). Defendant, the United States, ("the government") has moved to dismiss the United States Court of Federal Claims ("the CFC") complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on two separate grounds. First, the government argues this court lacks jurisdiction over Counts One, Two, and Three of the

complaint as a result of 28 U.S.C. § 1500.[1]  Second, the government argues that Counts Three and Four seek equitable and declaratory relief that are outside this court's jurisdiction.[2]  The present action was filed by plaintiffs on November 4, 2013.  In their complaint, plaintiffs allege that the United States has committed a breach of trust and a breach of fiduciary duty in connection with actions taken by the United States Bureau of Indian Affairs ("BIA") in failing to recognize the Colony's tribal government and, <u>inter alia</u>, for allowing non-Colony members to occupy and use Colony land.  Compl. at 1-2.  As a result of these alleged breaches, plaintiffs seek $108,000,000 and a declaratory judgment entitling the Colony to past, present, and future compensation, among other relief.

In August 2011, the Winnemucca Colony filed a case against the United States in the United States District Court for the District of Nevada ("the Nevada litigation") that raises similar claims based on the government's alleged failure to recognize the Colony tribal government.  In the amended complaint in that case, filed on January 27, 2012, the Colony sought declaratory and injunctive relief against BIA in connection with BIA's

---

[1] Under 28 U.S.C. § 1500:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

[2] The government also argues that plaintiffs have failed to state a money mandating claim under the Tucker Act for breach of trust.  <u>See</u> Def.'s Mot. to Dismiss 14-23; Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") 4-8.

alleged refusal to recognize the correct Colony Council and for allowing non-members to conduct business and claim possessory interests in Colony lands.  See Def.'s Mot. to Dismiss, Ex. 3, at 15-16.  The case in this court was filed on November 4, 2013.

The government argues that Counts One, Two, and Three of the pending case must be dismissed under § 1500 because those Counts raise claims that are the same as the claims pending in the Nevada litigation.  Plaintiffs contend that the claims in both lawsuits are not the same and therefore Counts One, Two, and Three need not be dismissed.  In addition, the government argues that Counts Three and Four must be dismissed for lack of jurisdiction because they seek equitable relief and a declaratory judgment that are outside the jurisdiction of this court.  Plaintiffs did not respond to the government's arguments regarding this court's lack of jurisdiction over Counts Three and Four.[3]  For the reasons discussed below, the court agrees with the government that § 1500 bars the court from considering Counts One, Two, and Three of plaintiffs' complaint and that Counts Three and Four also must be dismissed as seeking relief outside the jurisdiction of the court.  The government's motion to dismiss the complaint is therefore **GRANTED**.

---

[3] As discussed infra, by failing to respond, plaintiffs are deemed to have conceded the issue. Phila. Auth. for Indus. Dev. v. United States, 114 Fed. Cl. 519, 527-28 (2014); Sheppard v. District of Columbia, 791 F.Supp. 2d 1, 6 n.6 (D.D.C. 2011) (explaining that "the court . . . construes the plaintiff's silence as conceding the issue").

## I. DISCUSSION

### A. Standard of Review

The standard for ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is well-settled. Plaintiffs bear the burden of establishing that the court's subject matter jurisdiction requirements are met, see Keener v. United States, 551 F.3d 1358, 1361 (Fed. Cir. 2009), and it "must do so by a preponderance of the evidence." Cent. Pines Land Co. v. United States, 99 Fed. Cl. 394, 397 (2011) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)), aff'd, 697 F.3d 1360 (Fed. Cir. 2012). When the court decides whether it should dismiss a case for lack of subject matter jurisdiction, "the allegations stated in the complaint are taken as true [unless disputed] and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). Jurisdiction is a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). Under Rule 12(h)(3) of the RCFC, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### B. 28 U.S.C. § 1500 Bars this Court's Jurisdiction When a Claim Based on the Same Operative Facts is Pending in Another Court

The CFC is prohibited under 28 U.S.C. § 1500 from hearing a case when a suit based on the same operative facts is already pending in another jurisdiction. See Tohono, 131 S. Ct. 1723, 1727 (2011). In Tohono, the Supreme Court explained that, regarding § 1500, "[t]he rule is more straightforward than its complex wording suggests. The CFC

has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." Id.  To determine whether § 1500 applies, the court must answer two questions: (1) whether there is an earlier-filed suit "pending" in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are "for or in respect to" the same claims asserted in the later-filed CFC action. Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing Tohono, 131 S. Ct. at 1727) (citations omitted).  Under § 1500, if both of the questions are answered in the affirmative, the court lacks jurisdiction to hear the case and dismissal is mandated.

### 1. Plaintiffs' Nevada District Court Complaint was "Pending" at the Time the CFC Case was Filed

There is no dispute that the complaint in this case was filed while the Nevada litigation was pending.  The Colony filed an amended complaint in the Nevada District Court on January 27, 2012, seeking, inter alia, federal recognition of certain individuals in the Colony Council, an injunction to keep the federal government from interfering with Colony government activities on Colony land and from allowing non-Colony members to use the land.  See Def.'s Mot. to Dismiss, Ex. 3, at 15-16.  As of the date of this opinion, that action remains pending in the Nevada District Court.

Plaintiffs contend that the Nevada litigation should not bar this court from hearing the present case because, regardless of the claims in the complaint, the Nevada litigation is now focused only on the District Court's oversight of the Colony's membership and election process.  See Order, Winnemucca Indian Colony v. United States ex rel. Dep't of the Interior, No. 11-cv-622 (D. Nev. Feb. 10, 2014).  In such circumstances, plaintiffs

argue, the complaint before this court is the only complaint now pending against the government for breach of trust. The government argues in response that whether an action is "pending" is a separate question from whether the claims are overlapping and here plaintiffs cannot dispute that an action against the United States relating to the subject matter of the CFC suit was pending when they filed the present case.

The court must agree with the government. The court must look to the status of the Nevada litigation "at the time of the action brought." Keene Corp. v. United States, 508 U.S. 200, 207 (1993). Unless a claim has been dismissed or denied, it is considered to be pending, regardless of the reason that it remains in the court. See Brandt, 710 F.3d at 1379-80 ("Given the statutory text, we conclude that, once a claim is dismissed or denied, it is no longer 'pending' for § 1500 purposes until a motion for reconsideration or notice of appeal is filed."). In this case, there is no doubt that the Nevada litigation against the United States was pending on November 4, 2013. Thus, the court finds that the Nevada litigation was "pending" at the time plaintiffs filed the present action in the CFC. The first question having been answered in the affirmative, the court now turns to the question of whether the pending claims are the same as those in this case for purposes of § 1500.

      **2.**      **Plaintiffs' Nevada District Court Amended Complaint and CFC Complaint are Based on Substantially the Same Operative Facts**

The second issue to be decided in a motion to dismiss under § 1500 is whether the Nevada litigation is "for or in respect to" the same claim over which plaintiffs seek relief in this court. Plaintiffs argue that § 1500 does not bar this court from exercising

jurisdiction because the amended complaint in the Nevada litigation and the complaint in this case involve different claims of operative fact and request different relief.  Plaintiffs contend that the Nevada litigation was brought primarily to enjoin the government from interfering with Colony government activities on Colony land and for the government to recognize the Colony.  While, in the CFC case, plaintiffs argue that this suit stems from the government's allowance of nonmembers to conduct various activities on Colony lands.  However, the government correctly responds to plaintiffs' argument by contending that the operative facts in both complaints allege the same governmental duty to recognize the Colony's government and by not doing so is a breach of trust responsibility owed by the government to the Colony.  See Def.'s Mot. to Dismiss, Ex. 6, at 1-4.

The Supreme Court has held that "two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Tohono, 131 S. Ct. at 1731 (emphasis added).  As the Federal Circuit has stated,

> an interpretation of § 1500 focused on the facts rather than the relief a party seeks preserves the provision as it was meant to function, and it keeps the provision from becoming a mere pleading rule, to be circumvented by carving up a single transaction into overlapping pieces seeking different relief.

Trusted Integration Inc. v. United States, 659 F.3d 1159, 1164 (Fed. Cir. 2011) (quoting Tohono, 131 S. Ct. at 1730).  The Circuit has thus emphasized that "[d]etermining whether two suits are based on substantially the same operative facts requires a comparison between the claims raised in the [CFC] and in the other lawsuit." Trusted

Integration Inc., 659 F.3d at 1164 (quoting Keene Corp., 508 U.S. at 210).  In order to conduct meaningful comparisons, the court must "isolate the facts in the complaint that are 'operative,' i.e., those that must be proven in order to recover on a given claim." Skokomish Indian Tribe v. United States, 115 Fed. Cl. 116, 124 (2014); see also Petro-Hunt v. United States, 105 Fed. Cl. 37, 43 (2012); Klamath Irrigation Dist. v. United States, 113 Fed. Cl. 688, 699-700 (2013).  Tested by these standards, the court agrees with the government for the reasons set forth below that Claims One, Two, and Three in the CFC complaint arose from the same operative facts as those set forth in the amended complaint filed in the Nevada litigation.

As noted above, the operative facts in the Nevada litigation include the tribe's land rights and membership enrollment requirements, and BIA's alleged actions in the ongoing dispute regarding the Colony's membership and governing Council, including barring Colony members from entering tribal land while permitting nonmembers to occupy tribal land and refusing to recognize the Colony and its members.  The operative facts in this case are nearly identical.  Both complaints were based on the operative facts regarding the failure of BIA to recognize the correct Colony government and BIA's decision to allow non-members to possess Colony land and conduct businesses on Colony property without the Colony's permission.  The government correctly argues that both cases involve factual questions of who, if anyone, constituted the legitimate Colony leadership; whether the individuals in question had authorization from that leadership to enter Colony lands; and when and under what circumstances BIA took (or did not take) action to recognize a government, prevent entry by Colony members, or address concerns

over unauthorized occupation.  The fact that the subject complaints set forth different claims for relief does not alter this result.  The Supreme Court in Tohono made clear that § 1500 does not distinguish between claims based on substantially the same operative facts merely because the relief sought in two actions is distinct.  Tohono, 131 S. Ct. at 1731 ("Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." (emphasis added)).  Accordingly, plaintiffs' claims in Counts One, Two, and Three are barred by § 1500 and must be dismissed. [4]

### C.     Counts Three and Four Must Be Dismissed for Lack of Jurisdiction

The government has also moved to dismiss the request for equitable relief in Count Three and for a declaratory judgment in Count Four on the grounds that this court does not have jurisdiction to award the relief requested.  With respect to Count Three, the government argues that the request is for injunctive relief and is therefore outside this court's jurisdiction.  In addition, the government argues that this court does not have jurisdiction to enter declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, and thus the claim for declaratory relief must be dismissed.  See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998) (per curiam).

---

[4] The Indian Tucker Act, which gives this court jurisdiction to hear certain Indian claims, requires plaintiffs to identify a specific statutory or regulatory duty that can be interpreted as mandating monetary compensation.  United States v. Navajo Nation, 556 U.S. 287, 290-91 (2009).  In connection, having concluded that Counts One, Two, and Three are barred by § 1500, the court does not have occasion to reach the government's alternative grounds for dismissing these claims for failure to state a money-mandating claim.

As noted above, plaintiffs have not responded to these arguments. As such, they are deemed conceded. Phila. Auth. for Indus. Dev., 114 Fed. Cl. at 527-28. Moreover, the court agrees with the government that the relief requested is outside the jurisdiction of this court. Generally, this court cannot provide equitable relief, such as an injunction. Tohono, 131 S. Ct. at 1729 ("Unlike the district courts, however, the CFC has no general power to provide equitable relief against the Government or its officers." (citations omitted)). Outside of specific statutory provisions not at issue here, equitable relief is only available as an incident to a money judgment. See Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994).[5] As all claims seeking monetary damages are dismissed, the request for injunctive relief in Count Three must also be dismissed. In addition, this court lacks jurisdiction to grant declaratory relief under the Declaratory Judgment Act and thus Count Four must also be dismissed for lack of jurisdiction. Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998).

## II. CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The clerk is directed to enter judgment accordingly. Each party will bear its own costs.

**IT IS SO ORDERED.**

---

[5] For example, statutory authorization has been granted for disputes under the Contract Disputes Act, 28 U.S.C. § 1491(a)(2), for bid protests, id. §§ 1491(b)(1)-(2), for some tax cases, id. § 1507, and in cases where such relief "is tied and subordinate to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998).

s/Nancy B. Firestone<br>
NANCY B. FIRESTONE<br>
Judge